813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peggy Darlene LITTLEJOHN, and Merina Swimmer; on behalf of
themselves and all others similarly situated, Appellants,
v.
Phillip J. Kirk, Jr., in his official capacity as Secretary
of the North Carolina Department of Human Resources; John
Syria, in his official capacity as Director of the North
Carolina Division of Social Services; and Susan Smith, in
her official capacity as Section Chief of the North Carolina
Child Support Enforcement Agency, Appellees,
v.
Donald P. HODEL, in his official capacity as U.S. Secretary
of the Interior; Margaret Heckler, in her official capacity
as U.S. Secretary of Health and Human Services; and Kenneth
Smith, in his official capacity as U.S. Assistant Secretary
of the Interior of Indian Affairs, Third-Party Defendants.
 No. 86-2027.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1986.
Decided Dec. 29, 1986.
 
 Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 James H. Holloway (Lawrence Nestler, Western North Carolina Legal Services, on brief), for appellant.
 Robert E. Cansler, Assistant Attorney General, North Carolina Department of Justice (Lacy H. Thornburg, Attorney General of North Carolina, on brief) for appellees.
 PER CURIAM:
 
 
 1
 In plaintiffs' application for attorney's fees under 42 U.S.C. Sec. 1988, the district court ruled that they were not prevailing parties and denied them an award. They appeal and we affirm.
 
 
 2
 Plaintiffs filed suit on the eve of redress of the civil rights that they assert were being denied. Enforcement of those rights had been the subject of long and tortuous negotiations prior to plaintiffs' suit which were successfully concluded shortly thereafter.
 
 
 3
 We recognize that the evidence would have supported a finding that plaintiffs' suit was a catalyst in the successful resolution of the issue, but we cannot say that a contrary finding was clearly erroneous. Because the question was one of how much, if at all, plaintiffs contributed to the successful outcome, the finding of the district court that they made no compensable contribution is a finding that is unassailable.
 
 
 4
 AFFIRMED.